**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | Chapter 7 |
| Richard Michael O'Brien, | Case No. 25-13261-DJB |
| Debtor. | |

**MOTION OF THE UNITED STATES TRUSTEE TO DISMISS THE DEBTOR'S CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 707(b)**

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned counsel, hereby moves (this "Motion") for the entry of an order, pursuant to section 707(b) of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*, the "Bankruptcy Code"), dismissing the above-captioned bankruptcy case. In support of this Motion, the U. S. Trustee represents as follows:

**JURISDICTION**

1. Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the Eastern District of Pennsylvania issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this Motion.

2. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by

Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295–96 (3d Cir. 1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.),* 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog"). Under section 307 of the Bankruptcy Code, the U.S. Trustee has standing to be heard on the Motion. *Id.*

3. The U.S. Trustee consents to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. See L.B.R. 9014-3(b)(2).

## BACKGROUND

4. Ricard Michael O'Brien (the "Debtor") commenced this case by filing a voluntary petition (the "Petition") under chapter 7 of the Bankruptcy Code on August 18, 2025 (the "Petition Date"). *See* Dkt. No. 1.

5. The Debtor states on his Petition that his debts are primarily consumer debts. *Id.* at p. 6, box 16.

6. The Debtor filed his Schedules of Assets and Liabilities (the "Schedules") on August 18, 2025. *See* Dkt. No. 1, pp. 1-45, as well as other required documents including Form 122A-1, his Statement of Current Monthly Income and Form 122A-2, and his Chapter 7 Means Test Calculation, *See* Dkt. Nos. 4 and 5, on which he

2

admits that this is a case where there is a presumption of abuse.

7. The Meeting of Creditors pursuant to 11 U.S.C. § 341(a) (the "Creditors' Meeting") was originally scheduled for September 17, 2025 and was held and concluded on September 18, 2025.

8. The Debtor lists no creditors on Schedule D.

9. The Debtor lists several unsecured non-priority debts on Schedule E/F totaling $213,485.00, all of which appear to be consumer debts. *See* Dkt. No. 1, pp. 18-22.

10. On September 25, 2025, the U.S. Trustee timely filed his statement with the Court indicating that the Debtor's case would be presumed to be an abuse under Bankruptcy Code section 707(b).

## RELIEF REQUESTED

11. The U.S. Trustee requests entry of an order under Bankruptcy Code section 707(b) dismissing the Debtor's bankruptcy case.

### A. DISMISSAL UNDER SECTION 707(b)(2)

12. Section 707(b)(1) provides that the court may dismiss a case filed by an individual whose debts are primarily consumer debts if it finds granting relief would be an abuse of the provisions of chapter 7. The Debtor admits that his debts are primarily consumer debts. *See* Petition, box 16.

13. Pursuant to section 521(a)(1)(B)(v), in a case where individual debtor debts are primarily consumer debts, the debtor is required to file "a statement of the

3

amount of monthly net income, itemized to show how the amount is calculated." Section 707(b)(2) provides that as part of the schedule of current monthly net income required under section 521, the debtor "shall include a statement of the debtors current monthly income, and the calculations that determine whether a presumption arises under" section 707(b)(2)(A)(I). The Debtor submitted this statement by completing and filing the Statement of Current Monthly Income and Chapter 7 Means Test Calculation–Forms 122A-1 and 122A-2.

14. Section 707(b)(2)(A)(1) provides that the court shall presume abuse exists if the debtor's current monthly income, reduced by allowed deductions and multiplied by sixty, is not less than the lesser of twenty five percent of the non-priority unsecured claims or $10,275, whichever is greater, or $17,150. Through his Chapter 7 Means Test Calculation, the Debtor admits that there is a presumption of abuse. *See* Dkt. No. 5, p 8, Question 40.

15. Section 707(b)(2)(B) provides that a presumption of abuse may be rebutted by demonstrating special circumstances. Through his Means Test, the Debtor states that voluntary child support payments in the amount of $600 per month are special circumstances to rebut the presumption of abuse. *See* Dkt. No. 5, p. 9, Question 43.

16. Upon information and belief, the Debtor is not contractually obligated to make monthly support payments.

17. Because a presumption of abuse arises in this case after proper

Case 25-13261-djb   Doc 14   Filed 10/23/25   Entered 10/23/25 11:18:39   Desc Main
Document      Page 5 of 8

application of section 707(b)(2) and no special circumstances exist to rebut the presumption, the case should be dismissed pursuant to section 707(b)(1) as an abuse of the provisions of chapter 7.

### B. DISMISSAL UNDER SECTION 707(b)(3)

18. The U. S. Trustee also asserts the granting of relief in this case is an abuse of the provisions of chapter 7 based on the totality of the circumstances of the Debtor's financial situation and, accordingly, requests dismissal under Bankruptcy Code section 707(b)(3).

19. The Debtor states on Schedule I that he is employed as a Warehouse Manager at Scrub Daddy Inc., where he worked since 2015. The Debtor states he receives gross monthly income from wages in the amount of $6,528.85 with net income of $4,514.12, after deducting monthly tax, Medicare, and/or Social Security deductions of $1.471.40, Voluntary Contributions for retirement plans in the amount of $391.72, and Insurance in the amount of $309.61. His net income also includes a pro-rata federal tax refund in the amount of $158. *See* Dkt. No. 1, pp. 25-26.

20. The Debtor lists monthly household expenses on Schedule J of $4,395.00, resulting in monthly disposable income of $119.12. *See* Dkt. No. 1, pp. 27-28. Over a five (5) year period, this would result in a distribution of $7,140 to unsecured creditors, for an approximate dividend of 3% to each creditor.

21. Moreover, that surplus is calculated prior to any belt-tightening, such as including the voluntary contribution to retirement plans in the amount of $391.72

5

and the voluntary support payment in the amount of $600 listed on Schedule J. *In re Trotta*, 597 B.R. 269, 284 (Bankr. E.D. Pa. 2019) ("While a debtor is not required to live in poverty to defeat a §707(b) action to dismiss, a debtor may still be required to engage in some good, old-fashioned belt tightening.") (internal quotations omitted).

22. Upon information and belief, the child support payments are voluntary. The Debtor initially provided a voluntary payment of $300 per month and voluntarily increased that payment to $600. The Debtor has not provided any information regarding the income of mother or the finances of her household and therefore no information has been provided regarding the necessity of the voluntary payments or the amount thereof. Cessation of the $600 in voluntary payments and $391.72 in voluntary retirement plan contributions would result in monthly disposable income of $1,1110.84. This would result in a distribution to unsecured creditors of $66,650.40 over a five (5) year period, for an approximate dividend of 31% to each creditor. Even if those voluntary payments were simply lowered rather than eliminated, the result would be a significant distribution to creditors in a chapter 13. Upon the information provided, creditors would be entitled to a meaningful recovery in a chapter 13 case without the Debtor depriving himself of adequate food, shelter, clothing, and other necessities. *Id.* at 282

23. The primary concern under section 707(b)(3) is whether a debtor has a meaningful ability to repay unsecured creditors. *Id.* at 283. Thus, courts have dismissed chapter 7 cases when the debtor's actual financial situation demonstrated

an ability to pay a significant percentage of his or her unsecured debts. *Id.* Here, the Debtor could make a significant distribution to his unsecured creditors under a chapter 13 plan.

24. The U. S. trustee therefore avers that the totality of the circumstances of the Debtor's financial situation demonstrates abuse in this case pursuant to Bankruptcy Code section 707(b)(3) and the Court therefore should dismiss this case pursuant to section 707(b)(1) as an abuse of the provisions of chapter 7. *See e.g., In re Pennington*, 348 B.R. 647, 652 (Bankr. D. Del. 2006) (granting relief to a chapter 7 debtor constituted abuse under post-BAPCPA Section 707(b)(3)(B) where the debtor had the ability to pay significantly more than 25% of her unsecured debt under a hypothetical chapter 13 plan, or more than $167.00 per month towards such a plan). In the present case, the disposable income listed on Schedules I and J, the voluntary contributions to retirement and child support payments, and the significant disposable income reflected on the Means Test, ultimately gives the Debtor the ability to fund a Chapter 13 plan.

*[remainder of page left blank intentionally]*

## CONCLUSION

**WHEREFORE,** the U.S. Trustee respectfully requests the entry of an order granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated: October 23, 2025

Respectfully submitted,

**Andrew R. Vara**
**UNITED STATES TRUSTEE**
**For Region 3**

By: */s/ John Schanne*
John Schanne, Trial Attorney
Office of the United States Trustee
Robert N.C. Nix Sr. Federal Bldg.
900 Market Street, Room 320
Philadelphia, PA 19107
Telephone: (215) 597-4411
E-Mail: john.schanne@usdoj.gov